

# The Attorney General of Texas

June 5, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Glen M. Ashworth
Kaufman County District Attorney
Courthouse
Kaufman, Texas 75142

Opinion No. MW-189

Re: Whether a municipal utility district is required to obtain an easement from the county when its water lines cross county roads.

Dear Mr. Ashworth:

You have requested our opinion regarding whether a municipal utility district is required to obtain an easement from the county when its water lines cross county roads. You explain that a municipal utility district has applied to the commissioners court of Kaufman County for an easement to make open cuts across certain county roads. The commissioners court has indicated that it will grant the easement only if the district agrees to bore under the roads.

Section 54.217 of the Texas Water Code provides:

> All [municipal utility] districts are given right-of-way along and across all public, state, or county roads or highways, but they shall restore the roads crossed to their previous condition of use, as nearly as possible at the sole expense to the district.

Section 54.217 clearly grants authority to a municipal utility district to cross any public road in order to carry out its responsibilities under section 54.201. The statute does not require the district to obtain an easement, or any other kind of permission, from the commissioners court before doing so. The district is required only to "restore the roads crossed to their previous condition of use, as nearly as possible at the sole expense to the district."

Although articles 6703 and 6741, V.T.C.S., grant to a commissioners court the power to control public roads, article 6703 V.T.C.S. conveys this authority on the condition that it be "not in conflict with the laws of this state." Both statutes were enacted prior to the adoption of section 54.217 in 1971. In any event, due to the specific language of article 6703 V.T.C.S., we do not perceive any conflict between section 54.217 and the statutes granting authority over public roads to a commissioners court.

Neither do we perceive any conflict between section 54.217 and section 54.2271, enacted in 1975:

> Construction work of a district located wholly or partly outside the extraterritorial jurisdiction of a city shall meet standards established by the commissioners court of the county in which the district is located to protect local drainage and to prevent flooding in flood-prone areas.

In our opinion, section 54.2271 means merely that the district must comply with drainage standards previously promulgated by the commissioners court in much the same way that a district is required to comply with health, fire, or air quality standards established by other governmental units.

We have not been advised of the reasons for the county's insistence that the lines be laid by subterranean boring, or of the district's reasons for insisting on open cuts. The Water Code clearly anticipates that open cuts or other district operations making roads impassable will sometimes be necessary. See Water Code § 54.213. It is our view that the municipal utility district may determine to cross a county road by making open cuts rather than by boring under the road. "Across" is defined as

> from one side to the opposite side of . . . ; also, on, against, or over, from one side to the other.

Webster's New International Dictionary (2d ed., 1947). In our opinion, the municipal utility district may utilize county right-of-way in any reasonable manner "across" a county road, and , assuming the use of sound engineering and construction principles, the district may determine that it is reasonable to cross such a road by making open cuts rather than by boring under the road. If the county determines that the course chosen by the district is unreasonable, it may seek judicial redress.

### S U M M A R Y

A municipal utility district is not required to obtain an easement from a commissioners court before making open cuts across a county road for the purpose of laying water lines.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Susan Garrison
Rick Gilpin